

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 24, 1958

Honorable Raymond W. Vowell
Executive Director
Board for Texas State Hospitals
   and Special Schools
Capitol Station
Austin, Texas

Opinion No. WW-466.

Re: Proper disposition of
    funds derived from sale
    of land by the Board for
    Texas State Hospitals

Dear Mr. Vowell:

    and Special Schools.

We have your request for opinion wherein you say as
follows:

"House Bill 179, Acts, 55th Legislature, R.S.,
1957, authorizes this Board to convey land to the
Highway Department for specific purposes. Said Act
further provides that in the event reimbursement
is made to this Board the funds shall be deposited
to 'current Appropriation Items or Accounts for
which the expenditure of that character were origin-
ally made . . .'. The Texas Highway Department
and this Board has been conducting negotiations
with respect to the sale of approximately 31.6
acres of land, a part of the Wichita Falls State
Hospital, Wichita County, Texas, for the purpose
of construction of a district office building,
shops, storage building and other improvements
for a complete district headquarters. Each
Board has agreed on a price of $1,700.00 per
acre.

"This office has recently corresponded with the
Comptroller of Public Accounts as to the use of
these funds at the Wichita Falls State Hospital
and they have advised they will establish a credit
for the sale of the land to the Wichita Falls State
Hospital but said funds have not been appropriated
and, therefore, would not be available for our use.

It has been our belief since the beginning of negotiations with the Highway Department that the funds received should be deposited in Item 17 (general operating expenses ) of the Appropriation to the Wichita Falls State Hospital and Vernon Branch as found on page 887 of the General and Special Laws of the 55th Legislature, R.S., 1957. While the funds may not be available for use during this year, it was our opinion that Section 4 of the Special Provisions relating to all hospitals, homes, special schools and agencies or offices in Article II as found on page 925 of the General and Special Laws of the 55th Legislature would authorize the use of these funds during the second year of the biennium."

In regard to the fact situation as above stated by you, you desire the answers to four questions.

The first question is:

"1. May the funds received by this Board from the sale of land as outlined above be deposited to Item 17 of the Appropriation to the Wichita Falls State Hospital?"

Our answer to this question is in the negative. Subsection 2 of Section 4 of House Bill Number 179, Acts, 55th Legislature, Regular Session, 1957, Chapter 300, Page 729, provides in part as follows:

". . . If the land, property rights, or material to be acquired by the State Highway Department are of such a nature that its acquisition under the provisions of this Act will deprive any such department or agency of the State of a thing of value to such department or agency in the exercise of its lawful functions, then adequate compensation therefor shall be made, based upon vouchers drawn for this purpose payable to the furnishing department or agency. Payments received by the furnishing department or agency shall be credited to that department's or agency's current appropriation items or accounts from which the expenditures of that character were originally made, or if no such items or accounts from which the expenditures of that character were originally made, or if no such item or account exists, then to an account of such department or agency determined to be appropriate thereto by the Comptroller of Public Accounts. . . ." (Emphasis ours)

The Item 17 under the Appropriation of the Wichita Falls State Hospital, referred to in your request, is a part of House Bill 133, Acts, 55th Legislature, Regular Session, Chapter 385, page 870. Item 17 appears at Page 887 of said Acts and provides as follows:

|  | For years ending: | |
|---|---|---|
|  | Aug. 31, 1958 | Aug. 31, 1959 |
| "General Operating Expenses (Excluding salaries & wages) Including other operating expenses, maintenance and repairs and capital outlay for operating the general administration, physical plant, food service, service industries and Medical treatment program, travel expense for transfer of patients including cost of travel of employees escorting such patients, and all other activities for which no other provisions are made . . . . . . . . . . . . . | $1,001,207 | $1,030,688 " |

Insomuch as the money in question would be derived from the sale of the land, it should only be expended for that purpose. There is no kinship between "land" and the items, or any of them, set forth in Line Item 17 of the said Appropriation Act. Under existing law the money mentioned should not be expended for any purpose enumerated in Line Item 17. None of said items is appropriate to the primary purpose to which the fund is available, namely, the purchase of land.

The second question is as follows:

"2. If your answer to question No. 1 is in the affirmative, then are those funds available for use either during the first or second year of the present biennium?"

Insomuch as we have not answered Question No. 1 in the affirmative, it is not necessary to answer Question No. 2.

Your third question is:

"3. If your answer to Question No. 1 is in the negative, then to what account should these funds be deposited?"

In our opinion the funds should be deposited to the credit of the Wichita Falls State Hospital and remain so deposited until the Legislature, by an appropriate Act, makes some disposition of the funds.

We do not find any Line Item in the current Appropriation Act for the Wichita Falls State Hospital which would be the appropriate Line Item to which these funds could be transferred. The funds in question are earmarked for the purchase of land and there is no present law authorizing said hospital to buy land and no existing appropriation for such purpose.

Your fourth question is:

"If your answer to Question No. 1 is in the negative, are these funds available for use of the Wichita Falls State Hospital for either of the years of the biennium?"

In our opinion, the funds in question are not available now for the Wichita Falls State Hospital for expenditure. An appropriate Act by the Legislature will be necessary before the funds can be utilized by the Wichita Falls State Hospital.

We have not found it necessary, in view of the facts set out by us and existing laws, to pass on the constitutionality of that part of said House Bill 179, which delegates to the Comptroller, under stated conditions, the choice of the Line Item to which certain funds may be appropriated.

## SUMMARY

Under existing law and under the facts to which said law is applied, the money mentioned cannot be expended for any purpose set out in Line Item 17, none of said Items being appropriate to the purchase of land. The funds in question should be deposited to the credit of

Wichita Falls State Hospital and remain so deposited until the Legislature, by an appropriate Act, authorizes some disposition of the funds. These funds are not available now for the Wichita Falls State Hospital for expenditure.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

George P. Blackburn
Assistant Attorney General

GPB:mc:pf

APPROVED:

OPINION COMMITTEE

L. P. Lollar, Chairman

Marvin H. Brown, Jr.
Jack Goodman
Richard Stone

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert